In the Matter of the Claim of Rose Leventhal, Respondent, against W. B. & V. Rye Bread Corp. et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by an employer and its insurance carrier from an award of death and disability benefits made by the Workmen's Compensation Board in favor of the widow of a deceased employee. Decedent was temporarily employed as a substitute bakery foreman. On July 29, 1947, he had some difficulty with a dough mixing machine, and as a result of physical effort in connection therewith he afterwards claimed that he strained himself and had a pain under his heart. On August 1st, he had a heart attack and on the 26th of October he died of an acute coronary thrombosis. The board has found that his death resulted from accidental injuries sustained during the course of his employment. Appellants urge that there is no corroboration of the hearsay statements of decedent; that there was no accident within the meaning of the Compensation Law; and that the medical evidence does not sustain the board's finding. We think to the contrary that the record furnishes corroboration of the hearsay testimony and that there is evidence to sustain the issues of fact as to the happening of an accident and causal relation. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

■

In the Matter of the Claim of Edward Murphy, Respondent, against Seitz & Mader et al., Appellants. Workmen's Compensation Board, Respondent.— This is an appeal by an employer and its insurance carrier from an award in favor of claimant. The sole question on this appeal is whether or not claimant sustained an accident. The employer was engaged in the plastering and lathing business and claimant was a metal lather. The Workmen's Compensation Board found that on December 19, 1947, while claimant was engaged in the regular course of his employment, he lifted a heavy plank weighing about eighty pounds over his head to build a scaffold and that due to unusual extra exertion, strain and effort he sustained accidental injuries in the nature of coronary thrombosis as a result of which he was disabled from December 22, 1947, to June 11, 1948, on which date he was still disabled. The employer's first report of injury gave the date of the accident and stated it occurred while plaintiff was lifting a plank. The evidence sustains the finding of the board. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.